UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

**DANIEL L. HALL, SR.,**

    Plaintiff,

v.                                                                                Case No. 5:14cv150
                                                                               (Judge Stamp)

**KAREN PSZCZOLKOWSKI, Warden;
RUSS POWELL, Sargent; JOANIE HILL,
Associate Warden; DALE GRIFFITH,
Unit Manager; ROBERT SIMSA,
Correctional Officer; ROBERT FLESCHER,
Correctional Officer; JENNIFER HAYES,
Correctional Hearing Officer; and
NORTHERN CORRECTIONAL FACILITY,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On November 14, 2014, the *pro se* plaintiff, an inmate then-incarcerated at the Northern Correctional Facility ("NCF") in Moundsville, West Virginia,[1] initiated this case by filing a filing a civil rights complaint against the above-named defendants pursuant to 42 U.S.C. §1983, along with a motion to proceed *in forma pauperis* ("IFP") and supporting documents. By Order entered November 17, 2014, the plaintiff was granted permission to proceed IFP but directed to pay an initial partial filing fee ("IPFF"). On November 21, 2014, plaintiff moved for the appointment of counsel; by Order entered November 25, 2014, his request for counsel was denied. On December 3, 2014, plaintiff filed Motion for Reconsideration of the Order denying appointed counsel. On December 15, 2014, in one motion, plaintiff moved for reconsideration of the Order granting IFP, and filed a Motion for Contempt Against Defendants and a Motion for Immediate Discharge from DOC Custody. By separate Orders entered January 12, 2015, plaintiff's motion for reconsideration of the Order denying appointed counsel was denied; and

---

[1] Plaintiff is presently incarcerated at the Huttonsville Correctional Center ("HCC").

his combined motion for reconsideration of IFP, for a finding of contempt against the defendants; and for immediate release from DOC custody was denied; the Warden was directed to provide a response explaining why plaintiff's IPFF had not been paid.

Plaintiff paid his IPFF on January 23, 2015. On February 10, 2015, upon a preliminary review of the file, the undersigned determined that summary dismissal was not appropriate, and directed the United States Marshal Service to serve the complaint. The defendants filed a Motion to Dismiss with a memorandum of law in support on March 3, 2015. Because plaintiff was proceeding *pro se,* on March 9, 2015, a Roseboro Notice was issued, advising plaintiff of his right to respond to the defendants' dispositive motion. On March 17, 2015, plaintiff filed a second motion for appointed counsel and attached copies of his grievances. By Order entered March 23, 2015, plaintiff's second motion for appointed counsel was denied. Plaintiff did not file a response to the defendants' dispositive motion.

Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2.

## II. Contentions of the Parties

### A. The Complaint

In the complaint, filed without a memorandum in support, the plaintiff raises claims of negligence; failure to protect; unjust punishment; and disclosure of confidential information against the above-named defendants, arising out of an inmate assault on September 4, 2014.[2] Plaintiff alleges that on June 30, 2014, he made a confidential sexual harassment complaint about another inmate to defendant Dale Griffith, his Unit Manager ("Griffith"), but that instead of keeping the matter confidential, Griffith "passed off" the complaint to defendant Sargent Russ

---

[2] There is also a page missing from the plaintiff's complaint. The missing page would have been page 13 of the court-approved form complaint, on which "Claim One" would have been listed. See Dkt.# 1 at 6 and 7.

Powell ("Powell"), instead of dealing with it himself. Plaintiff alleges that Powell then called his "harasser" to the office and told him about plaintiff's complaint, including who filed it. He alleges that his "harasser" then paid another inmate to assault him on the recreation yard on September 4, 2014. Plaintiff contends he was stabbed in the forehead; sustained a black eye; a broken tooth; bruised ribs; and a broken jaw in this assault, and that defendants Robert Simsa and Robert Flescher, the two Correctional Officers on duty that day did nothing to help him. Further, he alleges that afterwards, defendant Jennifer Hayes, the Correctional Hearing Officer, unjustly punished him for fighting in the recreation yard incident, despite his claim that he never struck back. Finally, plaintiff contends that the grievances he filed over the incident "disappeared."

Plaintiff contends that defendant Warden Karen Pszczolkowski ("Pszczolkowski") and defendant Associate Warden Joanie Hill ("Hill") are both guilty of negligence, deliberate indifference, and the denial of his right to self-defense for the NCF staff's negligence in permitting him to be attacked and then punishing him for fighting.

Although it is unclear from the complaint whether the plaintiff has exhausted his administrative remedies with regard to these claims, plaintiff later submitted copies of grievances filed over at least some of the issues in the complaint.

As relief, the plaintiff seeks $25,000.00 each from NCF, the Associate Warden, C.O. Simsa, and C.O. Flescher for "negligence [and] deliberate indifference;" $90,000.00 each from the Warden and Jennifer Hayes for "denial of Const. rights to self defense;" and $125,000 each from NCF, Warden, Simsa, Flescher "for injuries sustained." Alternatively, plaintiff seeks

injunctive relief, in the form of "immediate discharge from DOC custody as a result of injuries, rights violations, [and] deliberate indifference."[3]

B. **The Defendants' Motion to Dismiss**

In their memorandum in support of their motion to dismiss, the defendants argue that the plaintiff's complaint should be dismissed for the failure to state a claim for which relief may be granted. In support of that argument, the defendants assert:

    1) they cannot respond to Claim One because it was on the Complaint's missing page; however, they assert that their failure to respond to Claim One, whatever it was, is not to be construed as an admission to it by any of the defendants;

    2) no claim, including but not limited to a claim under *respondeat superior*, is available against Warden Karen Pszczolkowski and Assistant Warden Joanie Hill;

    3) plaintiff's allegations are threadbare recitals of elements of a cause of action supported by conclusory allegations, and are not entitled to the presumption of truth;

    4) plaintiff has not alleged facts sufficient to state a claim of deliberate indifference;

    5) plaintiff has not alleged sufficient facts to state claims of negligence; cruel and unusual or unjust punishment; and/or denial of right to self-defense; and

    6) defendants are entitled to qualified immunity.

### III. Standard of Review

A. **Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the

---

[3] Dkt.# 1 at 8.

plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id.  Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Thus, a well-pleaded complaint must offer more than "a

sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## IV. Analysis

### A. Northern Correctional Facility

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. §1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982)

In the instant case, in addition to the other named defendants, the plaintiff names the Northern Correctional Facility ("NCF") as one of the defendants. The NCF is not a proper defendant because it is not a person subject to suit under 42 U.S.C. §1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (Neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. 1983). This rule applies "to States or governmental entities that are considered 'arms of the State'

for Eleventh Amendment purposes." Id. at 70. Accordingly, the NCF is not a proper party to this suit and must be dismissed from this action.

**B. Interference with Filing of Grievances**

The plaintiff's complaint raises an unclear claim that defendant Griffith did not receive his grievances "about the incident, and now it was to [sic] late to file one." (Dkt.# 1 at 7). Elsewhere in the complaint, he alleges that his level one grievance "disappeared, after being taken by an officer from my cell door in segregation, now I'm being told its [sic] to [sic] late to file another. But I have anyway and to date have not received responce [sic]." (Dkt.# 1 at 5).

Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (citations omitted)); Walsh v. Berkebile, 2011 U.S. Dist. LEXIS 43914, *16, 2011 WL 1547908 (S.D. W. Va. Feb. 22, 2011).

Because the defendants have not alleged plaintiff failed to exhaust his administrative remedies, this claim is moot and will not be given review.

**C. Deliberate Indifference/Failure to Protect**

In order to state an Eighth Amendment claim of failure to protect, the plaintiff must show that prison officials violated their duty to protect him "from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "For a claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a

7

substantial risk of serious harm," and that the prison officials acted with "'deliberate indifference' to inmate health or safety.'" Id. The Supreme Court left open the point at which a risk of inmate assault becomes sufficient for Eighth Amendment purposes. Id. at n. 3. However, the Supreme Court held that "[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. at 837.

This Court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Haines v. Kerner, 404 U.S. 519, 520 (1972); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. Erickson, *supra* at 94; Gordon v. Leeke, *supra* at 1151, and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (*citing* Twombly, 550 U.S. at 555-56). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't. of Social Srvcs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009)(outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not

rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Leneau v. Aplin, C.A. No. 4:09-932-CMC-TER, 2009 U.S. Dist. LEXIS 131022 at *2 (D.S.C. Jun. 22, 2009) (citing Weller, 901 F.2d at 390-91). Further, although Fed. R. Civ. P. 8(c) provides that "all pleadings shall be so construed as to do substantial justice," the Fourth Circuit further holds that a "heightened pleading standard" is highly appropriate in actions against government officials. Randall v. United States, 95 F.3d 339 (4th Cir. 1996). See also Dunbar Corp. v. Lindsey, 905 F.2d 754, 764 (4th Cir. 1990).

Here, the plaintiff contends that the defendants, all employees and supervisory staff of the West Virginia Division of Corrections ("WVDOC") and/or NCF, failed to protect him from violence at the hands of another inmate, S.P.[4] on the NCF recreation yard on September 4, 2014. Plaintiff alleges that S.P. was paid to assault him by "Shower Janitor Cell 15" after he filed a grievance alleging sexual harassment against "Shower Janitor Cell 15." He contends that while S.P. assaulted him, defendants Simsa and Flescher, the two Correctional Officers ("COs") who were assigned to patrol the recreation yard that day did nothing to intervene; one was reclining in a plastic chair and the other was inside the guard shack, assisting another inmate with a game, permitting him to be "brutally assaulted."

### 1) **Defendants Warden Karen Pszczolkowski and Assistant Warden Joanie Hill**

---

[4] In order to preserve the confidentiality of the other inmate's personal information, only his initials will be used. See Dkt.# 35-1 at 14.

9

To the extent that plaintiff is suing defendants Pszczolkowski and Hill in their individual capacities, he has failed to state a claim. In order to establish personal liability against a defendant in a §1983 action, the defendant must be personally involved in the alleged wrong(s); liability cannot be predicated solely under *respondeat superior*. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

The plaintiff does not allege any personal involvement by defendants Pszczolkowski and Hill in his placement in the recreation yard where he was attacked on September 4, 2014 or in their alleged denial of his right to self-defense. Instead, his only allegation regarding Pszczolkowski's involvement is that Pszczolkowski, as the acting warden, is responsible for staff's actions; and that she "refused to overturn my appeal for write up for this altercation."[5] His only allegation against defendant Hill is that as the associate warden, she is responsible for NCF's day to day operations, which "makes her responsible for the negligence of the officers and staff."[6]

When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if the subordinate acted pursuant to an official policy or custom for which he is responsible, see Fisher v. Washington Metropolitan Area Transit Authority, 690 Fed 2nd 1113 (4th Cir. 1982); Orum v. Haynes, 68 F.Supp.2d 726 (N.D. W.Va. 1999), or the following elements are met: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offense or practices,' and (3) there was an affirmative causal link between the supervisors inaction and the particular

---

[5] Dkt.# 1 at 2.

[6] Dkt.# 1 at 2.

constitutional injuries suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).

"Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Id. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses.'" Id.

To the extent that the plaintiff may be asserting that defendant Pszczolkowski was deliberately indifferent to his safety by denying administrative grievances he filed over the assault and his later write up for the charge of fighting, any such claim is without merit, because that is not the type of personal involvement required to state a claim. See Paige v. Kuprec, 2003 W.L. 23274357 *1 (D. Md. March 31, 2003).

A careful review of the plaintiff's complaint establishes that he has he failed to assert credible allegations to support a finding that the elements necessary to establish supervisory liability against Pszczolkowski and Hill are present. Accordingly, then, any claim he might have of deliberate indifference against them fails to state a claim upon which relief can be granted.

**2) Defendant Correctional Officers Robert Simsa and Robert Flescher**

Plaintiff contends that defendants Simsa and Flescher "were supposed to be patrolling the rec yard" on September 4, 2014, but that "[i]nstead of doing there [sic] assigned duties they sat [sic] one reclined beside the gaurd [sic] shack the other in the gaurd [sic] shack."[7] He contends that neither C.O. did anything to help him.

---

[7] Dkt.# 1 at 4.

This claim is insufficiently pled. Completely absent from plaintiff's complaint is any allegation that either Simsa or Flescher were ever even aware of, let alone deliberately disregarded an excessive risk to plaintiff's health or safety from his attacker prior to September 4, 2014. Plaintiff fails to allege that prior to the attack, he ever warned any of the NCF staff, let alone Simsa and Flescher, that S.P. was a threat to him or that S.P. was a "keep-away" of his. Accordingly, because plaintiff has not shown that Simsa and Flesher were both aware of facts from which the inference could be drawn that S.P. posed a substantial risk of serious harm to him and also drew the inference,[8] this claim against them must be dismissed.

**3) Defendant Jennifer Hayes, Correctional Hearing Officer**

Plaintiff alleges that defendant Hayes was deliberately indifferent to his safety needs, because she told him he "did not have the right to self-defense" when she wrote him up for fighting with inmate S.P. on the recreation yard on September 4, 2014.

This claim as well is so insufficiently pled that it fails to state a claim upon which relief can be granted. Plaintiff's conclusory allegation that Hayes was deliberately indifferent for ruling against him in a disciplinary matter when there was good cause to do so[9] does not rise to the level of deliberate indifference. Plaintiff has not shown that Hayes knew of and disregarded any excessive risk to his health or safety, let alone that she was both aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. Farmer, 511 U.S. at 837.

**D. Negligence**

---

[8] Farmer v. Brennan, 511 U.S. at 837.

[9] Attached to his second motion for appointed counsel, plaintiff filed a copy of the WVDOC Hearing Report regarding the September 4, 2014 incident. It is apparent from the report no one witnessed the actual altercation as it happened, but that immediately prior to the altercation, the plaintiff was observed by a correctional officer having "an escalated type of conversation" or verbal altercation with inmate S.P., based on plaintiff's body language, in "being boisterous with his hands." See Dkt.# 35-1.

12

In West Virginia, in every action for damages resulting from injuries to a plaintiff alleged to have been inflicted by the negligence of the defendant, a plaintiff must establish three elements: (1) a duty which the defendant owes to him; (2) a negligent breach of that duty; and (3) injuries received thereby, resulting proximately from the breach of that duty. Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W.Va. 1939). The burden is on plaintiff to prove these elements by a preponderance of the evidence. Id. at 899; see also Murray v. United States, 215 F.3d 460, 463 (4th Cir. 2000). Therefore, plaintiff must prove that the "defendant's breach of duty was more likely than not the cause of the injury." Murray at 463 (quoting Hurley v. United States, 923 F.2d 1091, 1094 (4th Cir. 1991); see also Strahin v. Cleavenger, 603 S.E.2d 197 (W.Va. 2004)(stating that "no action for negligence will lie without a duty broken.").

In West Virginia, negligence is "always determined by assessing whether the actor exercised 'reasonable care' under the facts and circumstance of the case, with reasonable care being that level of care a person of ordinary prudence would take in like circumstances." Strahin v. Cleavenger, 603 S.E.2d 197, 205 (W.Va. 2004). "A long standing premise of the law of [West Virginia] is that negligence is the violation of the duty of care under the given circumstances. It is not absolute, but is always relative to some circumstances of time, place, manner, or person." Setser v. Browning, 590 S.E.2d 697, 701 (W.Va. 2003).

**1) Defendants Warden Karen Pszczolkowski and Assistant Warden Joanie Hill**

Plaintiff alleges that defendants Pszczolkowski and Hill were both negligent for refusing to "settle the matter without lawsuit" and for the negligence of the NCF staff in permitting him to be assaulted.

These claims are so insufficiently pled that they are ludicrous and fall woefully short of the heightened pleading standard required in actions against government officials. Randall, 95

F.3d 339. It has already been established that the NCF staff were not negligent with regard to plaintiff's September 4, 2014 altercation. Accordingly, defendants Pszczolkowski and Hill had no duty to "settle the matter without lawsuit [sic]." The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller, 901 F.2d 387. This claim should also be dismissed for failure to state a claim upon which relief can be granted.

**2) Dale Griffith, Unit Manager, and Sargent Russ Powell**

Plaintiff raises a claim of negligence in connection with disclosure of confidential information against defendants Griffith and Powell, alleging that he submitted a sexual harassment complaint about another inmate to his Unit Manager, defendant Griffith.[10] He contends that instead of dealing with the complaint himself, Griffith then passed it off to defendant Powell because "he wanted to go home." Subsequently, he contends that Powell called the alleged sexual harasser into his office and advised him of the complaint. Plaintiff alleges that as a result, the harasser later paid S.P., another inmate to assault him on the recreation yard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[10] On July 7, 2014, plaintiff submitted a grievance regarding the sexual harassment, stating: "On 6/29/14, 1:40 am. Shower Janitor cell 516, came to my door turned on my light, beat on door to wake me up, said "let me see that asshole baby girl," I'm gonna collect that $1500.00 that Crook put on your ass bitch." Turned off light walked away, he sent a letter to Morehead 526, stating they have been watching him shower, they want to fuck him. Another inmate gave me a letter from 516 that makes reference again to the $1500.00."
*Relief sought:* "Cell 516 moved from Pod; fired as Janitor; charges filed for sexual harassment and cell 516 and CO Crook brought up on murder 4 hire charges, immediate discharge from DOC custody as my life has been placed in imminent danger by an officer." Dkt.# 35-1 at 3.

14

for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 192 S.Ct. at 1949 (*quoting* Twombly, 550 U.S. at 557). Even though a *pro se* complaint is entitled to liberal construction, "a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct." Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681 – 82 (D.C. Cir. 2009) (quotation omitted).

This claim is also, as defendants contend, a threadbare recital of elements of a cause of action supported by conclusory allegations. The only real detail provided about plaintiff's allegation of sexual harassment is found in an unclear grievance plaintiff filed, attached to his second motion to appoint counsel. Although in that grievance, plaintiff claims that his life has been "put in danger by an officer," it is apparent that the officer referred to is someone named "C.O. Cook," not a named defendant. Moreover, despite plaintiff's claim that he wanted "C.O. Cook" and "Shower Janitor cell 516" "brought up on murder 4 hire charges [sic]," there is actually nothing in that grievance that states facts sufficient to allege a credible threat on plaintiff's life other than his own self-serving statement. Moreover, plaintiff's broad, conclusory allegations regarding Griffith and Powell's negligence are insufficient to carry his burden of proving by a preponderance of the evidence that Griffith had any duty to personally handle his grievance or that he negligently breached that duty by going off duty and delegating the handling of the complaint to defendant Powell. As for Powell's alleged negligence in "disclosing confidential information" to the inmate who made the sexually harassing statements, in order for

a prison official to investigate an inmate's claim that another inmate sexually harassed him, both inmates need to be interviewed, and it is obvious that the harasser, having been the one who made the alleged statements to plaintiff, would already be aware of the plaintiff's identity. Moreover, Powell's disclosure of confidential information regarding the alleged sexual harassment to the harasser would have been reasonably related to the legitimate penological purpose of investigating such an offense and punishing the offender to deter future similar behavior.

"No action for negligence will lie without a duty broken." Strahin, 603 S.E.2d 197. It appears, therefore, from the limited record before the undersigned, that neither Griffith and Powell violated any duty of care toward plaintiff and that both exercised reasonable care under the facts and circumstance of the case. Id. at 205. The duty of care "is not absolute, but is always relative to some circumstances of time, place, manner, or person." Setser, 590 S.E.2d at 701. Accordingly, the plaintiff has failed to state a claim for relief and this claim should be dismissed.

### 3) **Defendant Correctional Officers Robert Simsa and Robert Flescher**

Plaintiff alleges that defendants Simsa and Flescher were negligent because despite being the Correctional Officers on duty in the recreation yard on September 4, 2014, they did nothing to help him.

This claim, as well, being "naked assertion[s]" devoid of "further factual enhancement,"[11] must be dismissed as insufficiently pled; plaintiff completely fails to allege sufficient factual assertions to sustain it. Merely making a blanket assertion that Simsa and Flescher were negligent because they did nothing to help him does not prove negligence. Plaintiff has not carried his burden of proving that Simsa and Flescher negligently breached their duty to protect him by a preponderance of the evidence. He fails to provide any detail about the incident; how it

---

[11] Iqbal, 192 S.Ct. at 1949.

16

began; how long it lasted; or where he was in relation to the defendants when it occurred. He does not allege that the defendants Simsa and Flescher even witnessed the assault or that they somehow permitted it to happen by negligently allowing a known dangerous inmate access to plaintiff; or that they stood by, watched it occur and/or failed to intervene. He only states that one C.O. was sitting in a chair and another was inside the guard shack assisting another inmate instead of patrolling the yard. He does not explain whether they failed to patrol the yard entirely, or whether they had been patrolling but then sat down afterwards to rest. He does not explain how the fight was broken up; who broke it up; or how he received aid.

This unadorned, defendants-unlawfully-harmed-me accusation is insufficient to state a claim upon which relief may be granted. To move forward on this claim, the defendants and the court would have to speculate as to the factual basis for this claim. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller, 901 F.2d 387. This claim should be dismissed.

### E. 28 U.S.C. § 1915(g) Three Strikes Rule

Finally, in addition to being woefully insufficiently pled, plaintiff's conclusory allegations regarding the defendants' failure to protect him; negligence; disclosure of confidential information; interference with the filing of grievances; unjust punishment; and denial of the right to self-defense are impossible to give any credence to, because even a cursory review of the record indicates that they are also frivolous. Although plaintiff alleges injuries; he has completely failed to state claims for deliberate indifference or negligence on the part of any of the defendants, sufficient to create any liability for his injuries on the part of any defendant.

Accordingly, plaintiff is warned that pursuant to 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status in the future, if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by plaintiff in this district that has been dismissed for the failure to state a claim and as frivolous.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the defendants' Motion to Dismiss (Dkt.# 23) be **GRANTED,** and the plaintiff's Complaint (Dkt.# 1) be **DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief can be granted.**

**Within fourteen (14) days** after being served with a copy of this report and recommendation, **or by August 17, 2015,** any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to the plaintiff's last known address as shown on the docket, and to all counsel of record via electronic means.

DATED: August 3, 2015

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE