IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANIEL L. HALL, SR.,

    Plaintiff,

v.                                          Civil Action No. 5:14CV150
                                                        (STAMP)

KAREN PSZCZOLKOWSKI, Warden,
RUSS POWELL, Sergeant,
JOANIE HILL, Associate Warden,
DALE GRIFFITH, Unit Manager,
ROBERT SIMSA, Correctional Officer,
ROBERT FLESCHER, Correctional Officer,
JENNIFER HAYES, Correctional Officer,
and NORTHERN CORRECTIONAL FACILITY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
AND DISMISSING THE PLAINTIFF'S COMPLAINT**

The pro se[1] plaintiff filed this civil action asserting claims under 42 U.S.C. § 1983 on the court-approved § 1983 form complaint provided by the Clerk of Court. The case was referred to United States Magistrate Judge James E. Seibert under Local Rule of Prisoner Litigation Procedure 2. The defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6). Magistrate Judge Seibert issued a report and recommendation granting the defendants' motion to dismiss. The plaintiff filed

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

objections to the report and recommendation. For the following reasons, this Court affirms and adopts the report and recommendation, dismisses the plaintiff's complaint, and overrules the plaintiff's objections to the report and recommendation.

## I. Background

The plaintiff's claims relate to events that occurred at Northern Correctional Facility ("NCF"). Although the events occurred at NCF, the plaintiff is currently incarcerated at Huttonsville Correctional Center. In the complaint, the plaintiff alleges that he made a confidential sexual harassment complaint against another inmate to defendant Dale Griffith ("Griffith"), and that Griffith forwarded the complaint to defendant Sergeant Powell. The plaintiff alleges that Sergeant Powell discussed the complaint with the harassing inmate, telling him that the plaintiff filed the complaint. In response, the harassing inmate allegedly paid another inmate to attack the plaintiff in retaliation. That inmate then attacked the plaintiff in the recreational yard.

The plaintiff alleges that defendants Robert Simsa ("Simsa") and Robert Flescher ("Flescher") were on duty when he was attacked, but did not intervene. During the attack the plaintiff was stabbed in the forehead and sustained a black eye, a broken tooth, bruised ribs, and a broken jaw.

After the attack, the plaintiff alleges that defendant Jennifer Hayes ("Hayes"), a Correctional Hearing Officer, unjustly

punished him for fighting even though he never struck his attacker. The plaintiff also alleges that the grievances he filed regarding the incident "disappeared."

The plaintiff claims unjust punishment, cruel and unusual punishment, and denial of his right to self-defense against Hayes. He claims negligence and deliberate indifference against Griffith, Powell, Simsa, and Flescher. And he claims that defendants Warden Karen Pszczolkowski ("Pszczolkowski") and Associate Warden Joanie Hill ("Hill") are liable for negligence, deliberate indifference, and denial of his right to self-defense for permitting the attack and punishing him for it. As relief, the plaintiff seeks $25,000.00 each from NCF, Hill, Simsa, and Flescher for negligence and deliberate indifference, $90,000.00 each from Pszczolkowski and Hayes for the denial of his right to self-defense, and $125,000.00 each from NCF, Pszczolkowski, Simsa, and Flescher for his injuries. Alternatively, the plaintiff seeks an injunction ordering his immediate discharge from the Department of Corrections.

The defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. ECF No. 23. Magistrate Judge Seibert entered his report and recommendation, recommending that the defendants' motion to dismiss be granted. ECF No. 40. First, Magistrate Judge Seibert concluded that NCF was not a proper defendant because it is not a person subject to suit under 42 U.S.C. § 1983. Second, the plaintiff failed to allege sufficient

facts to find that Pszczolkowski or Hill were liable for deliberate indifference as supervisors or personally.  Third, the plaintiff failed to state a deliberate indifference claim against any of the defendants because he failed to plead that any of them knew of and disregarded an excessive risk to the plaintiff's health or safety.  Fourth, the plaintiff failed to allege sufficient facts to state a negligence claim against any defendant.  For those reasons, the magistrate judge recommended that the defendants' motion be granted.

The plaintiff then filed objections to the report and recommendation. ECF No. 43.  His objections essentially state his belief that each of Magistrate Judge Seibert's conclusions are incorrect, and alleges additional facts regarding his claims.  This Court must consider the new allegations in reviewing the report and recommendation. See St. John v. Moore, 135 F.3d 770 (Table), No. 97-6371, 1998 WL 71516, *1 (4th Cir. Feb. 23, 1998) (unpublished per curiam) (citing United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992)) (concluding that the district court erred in denying the plaintiff's motion to amend the complaint after the magistrate judge recommended dismissal because the amended complaint alleged new facts supporting the claims and the court was "bound to conduct a de novo review of the magistrate judge's report"); George, 971 F.2d at 1118 ("[A]s part of its obligation to determine de novo any issue to which proper objection is made, a

district court is required to consider all arguments to that issue, regardless of whether they were raised before the magistrate.").

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

This Court must liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 2007). While the plaintiff's allegations are assumed to be true, Erickson, 551 U.S. at 93, this Court may not ignore a clear failure in the pleading to allege facts that set forth a claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). This Court may not rewrite a complaint to

5

include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>id.</u>, or "conjure up questions never squarely presented" to the court. <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

A. <u>Northern Correctional Facility</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his rights under the Constitution or federal law. 42 U.S.C. § 1983; <u>see also</u> <u>Rendall-Baker v. Kohn</u>, 547 U.S. 830, 838 (1982). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989). Moreover, "governmental entities that are considered 'arms of the state'" are not "persons." <u>Id.</u> at 70.

Magistrate Judge Seibert correctly noted that state detention facilities are "arms of the state" and therefore are not "persons" under § 1983. <u>See</u> <u>Preval v. Reno</u>, 203 F.3d 821 (Table), No. 99-6950, 2000 WL 20591, *1 (4th Cir. Jan. 13, 2000) (unpublished per curiam) ("[T]he Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983 . . . ."); <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under §1983 are directed at 'persons' and the jail is not

6

a person amenable to suit."). As a state detention facility, NCF is an arm of the state and is not a "person" amenable to suit under § 1983. Therefore, this Court affirms and adopts the magistrate judge's recommendation that the claims against NCF be dismissed.

B. <u>Deliberate Indifference and Failure to Protect</u>

A plaintiff may state a § 1983 claim for an Eighth Amendment violation by showing that prison officials violated their duty to protect him "from violence at the hands of other prisoners," as "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." <u>Farmer v. Brennan</u>, 511 U.S. 825, 833, 834 (1994) (internal quotation marks omitted). "For a claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," and that the prison officials acted with "deliberate indifference to [the] inmate['s] health or safety." <u>Id.</u> at 834.

Deliberate indifference requires a showing of two things. First, "that the official in question subjectively recognized a substantial risk of harm. It is not enough that the offic[ial] <u>should have</u> recognized it; they actually must have perceived the risk." <u>Parrish ex rel. Lee v. Cleveland</u>, 372 F.3d 294, 303 (4th Cir. 2004) (emphasis in original). Second, "that the official . . . subjectively recognized that his actions were inappropriate in light of that risk . . . . [I]t is not enough that the official

7

should have recognized that his actions were inappropriate; the official actually must have recognized that his actions were insufficient." Id. (internal quotation marks omitted) (emphasis in original). Knowledge of the risk may be inferred, but the risk "must be so obvious that the fact-finder could conclude that the [official] did know of it because he could not have failed to know of it." Id. (internal quotation marks omitted) (emphasis in original). Moreover, a claim for deliberate indifference requires more than mere negligence, as "deliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835.

    1. <u>Simsa and Flescher</u>

The plaintiff alleges that Officers Simsa and Flescher were on patrol duty in the recreational yard at the time the plaintiff was attacked. In his complaint and a grievance he attached to his second motion for appointed counsel, ECF No. 35 Ex. 1, at 13-14, the plaintiff alleges that Officer Simsa was reclining in a plastic chair behind the guard post, and that Officer Flescher was inside the guard post helping another inmate with a game. When the plaintiff was attacked neither officer intervened. Magistrate Judge Seibert correctly concluded that this account does not plead sufficient facts making it plausible that either officer had subjective knowledge of a risk that the plaintiff would be attacked or injured in any way.

8

In his objections to the report and recommendation, the plaintiff further alleges that before the attack, he told the Officers that his attacker threatened him, and that Officer Simsa "sat [a]nd watched the whole ordeal take place [a]nd [d]id nothing." ECF No. 43, at 4. However, these allegations directly contradict those made in the above referenced grievance. ECF No. 35 Ex. 1, at 14. The grievance provides that Officer Simsa was reclined in a plastic chair "[b]eside the Guard Shack where [h]is view was [c]ompletely obstructed [b]y the Guard Shack." ECF No. 35 Ex. 1, at 14. Moreover, the plaintiff never mentioned in this grievance or in his complaint that he told the Officers he was threatened. These inconsistencies cast serious doubt on the plaintiff's new allegations. In light of these inconsistencies, it is not plausible that Officers Simsa and Flescher had subjective knowledge of a substantial risk of harm to the plaintiff. Therefore, the plaintiff failed to plead sufficient facts to state a deliberate indifference claim against Officers Simsa and Flescher.

    2.  <u>Hayes</u>

The plaintiff alleges that Correctional Hearing Officer Hayes unjustly punished him when she placed him in punitive segregation for thirty days as punishment for fighting. After the plaintiff was attacked, an officer reported the confrontation, and Hayes held an evidentiary hearing to determine whether the plaintiff violated

the facility's rules against fighting. Hayes concluded that there was "some evidence to support a guilty finding." ECF No. 35 Ex. 1, at 1-2. The plaintiff alleges that Hayes's findings were erroneous, constituting unjust punishment and deliberate indifference.

Magistrate Judge Seibert correctly noted that Hayes had good cause to discipline the plaintiff, and that the plaintiff failed to show that Hayes knew of and disregarded any excessive risk to the plaintiff's health or safety. Moreover, the plaintiff failed to allege that Hayes's decision subjected him to physical or psychological harm from unsafe conditions, as is required for a claim of deliberate indifference. See Williams v. Griffith, 952 F.2d 820, 825-26 (4th Cir. 1991). Therefore, the plaintiff failed to plead sufficient facts to state a claim of deliberate indifference against Hayes.

    3.   Pszczolkowski and Hill

The plaintiff alleges that Warden Pszczolkowski and Associate Warden Hill were liable for their subordinates' deliberate indifference. He also alleges that they were personally deliberately indifferent because they failed to place him in "special management" or protective detention after he requested it.

    a.   Respondeat Superior Liability

Magistrate Judge Seibert correctly noted that under § 1983 a defendant cannot be held liable under the doctrine of respondeat

10

superior, but rather must be personally involved in the violation of the plaintiff's rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). Thus, Pszczolkowski and Hill cannot be liable for their subordinates' alleged deliberate indifference simply by virtue of their supervisory positions.

      b.    Personal Involvement in Deliberate Indifference

The plaintiff alleged that Pszczolkowski and Hill had personal knowledge of his need for protective detention, and that their failure to grant it constituted deliberate indifference. He alleged that he was transferred to NCF from another facility for his protection. After the transfer, he requested that he be placed in "special management," which appears to be single-cell, segregated detention, see ECF No. 35 Ex. 1, at 9 (denying grievance requesting transfer to "a single cell," to be "[m]ore [s]egregated," and to be in a "more secluded pod" four months after the attack), but was denied. The plaintiff appealed the denial to Pszczolkowski and Hill, but they also denied the request.

The plaintiff did not allege his specific reasons for requesting "special management," or whether those reasons related to the circumstances culminating in the attack. Without more specific allegations as to the risks of harm the plaintiff claimed when requesting special management, there are insufficient facts to

11

show that Pszczolkowski and Hill had personal knowledge of any risk of harm to the plaintiff. Moreover, Pszczolkowski and Hill's denial of the plaintiff's request for "special management" indicates that they did not subjectively believe him to be in danger. Therefore, the plaintiff failed to plead sufficient facts to state a claim that Pszczolkowski and Hill were personally deliberately indifferent.

    c.    <u>Supervisor Liability</u>

A supervisor may be liable under § 1983 if the conduct causing the deprivation was carried out to effectuate an official policy or custom for which the official is responsible, <u>Fisher v. Wash. Metro. Area Transit Auth.</u>, 690 F.2d 1133, 1142-43 (4th Cir. 1982), or if the following elements are shown:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

<u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994), <u>cert. denied</u>, 513 U.S. 813 (1994). The first element requires a showing that the supervisor had knowledge of her subordinate's conduct, and that such "conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." <u>Id.</u> To establish a

pervasive and unreasonable risk of harm, the plaintiff must show "that the conduct is widespread, or at least has been used on several different occasions and that the conduct . . . poses an unreasonable risk of harm of constitutional injury." Id.

The plaintiff offered conclusory allegations that Pszczolkowski and Hill had knowledge of Griffith, Powell, Simsa, Flescher, and Hayes's actions. He failed to allege any specific knowledge of their actions. Even if it were plausible that Pszczolkowski and Hill had personal knowledge of the other defendants' actions after the plaintiff filed a grievance regarding the attack and after his disciplinary hearing before Hayes, the plaintiff failed to allege sufficient facts to show that Pszczolkowski and Hill's subordinates' "conduct pose[d] a pervasive and unreasonable risk of constitutional injury to the plaintiff." Id. Even assuming that those requirements were met, the plaintiff failed to plead any facts showing that the subordinates' conduct was "widespread, or at least ha[d occurred] . . . on several different occasions." Id. Therefore, the plaintiff failed to plead sufficient facts to state a claim of supervisory liability as to Pszczolkowski and Hill.

C. <u>Unjust Punishment and Denial of Right to Self-Defense Claims</u>

The plaintiff alleged that Pszczolkowski, Hill, and Hayes violated his rights by unjustly punishing him for being attacked, thereby denying him the right to self-defense. He alleged that

13

Hayes denied him these rights by punishing him for being attacked. Pszczolkowski and Hill allegedly violated his rights by not overturning Hayes's decision.

First, the plaintiff does not have a fundamental right to self-defense protected by the Fourteenth Amendment. See Hewitt v. Helms, 459 U.S. 460, 466 (1983) ("While no State may 'deprive any person of life, liberty, or property, without due process of law,' it is well-settled that only a limited range of interests fall within this provision."). Nor did Hayes, Pszczolkowski, or Hill "impose[] atypical and significant hardship on the [plaintiff] in relation to the ordinary incidents of prison life," by punishing him for violating facility rules against fighting. Sandin v. Connor, 515 U.S. 472, 484 (1995).

Even so, the plaintiff was afforded ample process before the punishment was imposed. Hayes held a full evidentiary hearing on whether the plaintiff violated the facility's rules against fighting. The plaintiff was permitted to testify and to bring witnesses to testify on his behalf. Hayes made factual findings based on the evidence presented, and concluded that the plaintiff violated facility rules. The plaintiff was able to appeal Hayes's determination, and Pszczolkowski and Hill denied it. The plaintiff's allegations do not indicate that he was denied the opportunity to claim self-defense in the disciplinary hearing. Moreover, Magistrate Judge Seibert correctly noted that Hayes had

good cause to make her decision. Hayes's hearing report indicates that she found that the plaintiff did not engage in self-defense but was involved in a mutual confrontation, resulting in a physical fight. Based on the plaintiff's allegations, Hayes, Pszczolkowski, and Hill did not deprive the plaintiff of any constitutional or federal statutory rights without due process.

D. <u>Negligence Claims</u>

The plaintiff alleges that Pszczolkowski, Hill, Griffith, Powell, Simsa, and Flescher were all negligent in allowing him to be attacked. However, the negligent failure to protect an inmate from attack my another inmate does not give rise to a § 1983 claim for an Eighth Amendment violation. <u>Estate of Davis v. Johnson</u>, 745 F.2d 1066, 1070-71 (7th Cir. 1984); <u>Williams v. Field</u>, 416 F.2d 483, 485 (9th Cir. 1969), <u>cert. denied</u>, 397 U.S. 1016 (1970). Even assuming that the defendants' negligence resulted in a deprivation of the plaintiff's rights, "the Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty[,] or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required." <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986). Furthermore, Magistrate Judge Seibert correctly noted that the plaintiff failed to allege sufficient facts to state a negligence claim against any defendant. Therefore, the plaintiff

15

failed to state a claim regarding any negligence resulting in a violation of his constitutional or federal statutory rights protected under § 1983.

## IV. Conclusion

For the reasons set forth above, the plaintiff failed to state a claim upon which relief can be granted. Therefore, the report and recommendation of the magistrate judge (ECF No. 40) is AFFIRMED AND ADOPTED. Accordingly, the plaintiff's complaint is DISMISSED. Further, the plaintiff's objections to the report and recommendation are OVERRULED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     November 4, 2015

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE